IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KANDACE CROWDER                                                                    PLAINTIFF

v.                              Case No. 4:11-cv-788 KGB

JANNET SHORT, ET AL.                                                              DEFENDANTS

## AGREED PROTECTIVE ORDER

The parties jointly move for entry of a protective order to govern certain aspects of discovery in this case, pursuant to Federal Rule of Civil Procedure 26(c) (Dkt. No. 18). For good cause shown and to protect the privacy rights of the parties and UAMS patients and employees, the Court orders that the production of all documents during discovery be subject to the following conditions:

1. The parties agree to produce copies of requested personnel files, excluding medical records, Social Security numbers, birth dates, and private contact information, and UAMS patient medical records which formed the basis of the decision to terminate Plaintiff's employment with UAMS and relate to the claims or defenses asserted by the parties in this action pursuant to the Federal Rules of Civil Procedure.

2. Defendants may provide copies of Plaintiff's personnel records to Plaintiff's counsel without excluding the information listed in paragraph 1.

3. Any UAMS patient medical records that are provided as described in paragraph 1 will be redacted to provide only the minimum amount of information necessary in compliance with the Health Insurance Portability and Accountability Act.

4. All medical records and confidential information previously provided by the parties which relate to the above-referenced matter or later provided upon entry of this Order shall be used only for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever.  Moreover, the parties, their attorneys, or anyone acting on their behalf may not utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative compliant, proceeding, or civil action.

5. Medical records and any other confidential records, documents, tapes, or other information provided hereunder may be disclosed to either party, their attorneys, jurors, the staff of attorneys, experts retained for this case, the Court and its staff, and witnesses, but only as is necessary and for a proper purpose directly related to the trial of this action.  Any party receiving this information shall be informed of this Protective Order and required to abide by it to see the information.  The parties and their attorneys shall not transfer or communicate any of the medical records, confidential information, documentation, or records produced pursuant to this Order, directly or indirectly, to any person except for a necessary and proper purpose directly related to discovery, litigation, or trial of this action.  Counsel for either party may provide copies of such confidential records, documents, or other information to any expert witness[es] retained by either party or persons frequently employed by such expert[s] whose review of the material is necessary and proper for the Plaintiff's prosecution or the Defendants' defense in this litigation.

6. If medical records or confidential documents or records are used during depositions, the portions of the depositions containing the confidential information shall be treated as confidential in accordance with this Order.

7. All medical records, as well as any other documents, information or deposition designated as confidential under this Order shall, when filed with the Court, be redacted, Fed. R. Civ. P. 5.2, or if redaction is impractical, shall be clearly marked as confidential, sealed, placed in a separate, secure storage by the Clerk, and opened only by authorized Court personnel.

8. Both parties, their respective counsel, retained expert witnesses, or anyone acting on their behalf shall not in any manner, directly or indirectly, transfer medical records, confidential records or documents, or other information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in this material to any person not authorized to receive the described data under the terms of this Order.

9. Upon termination of this lawsuit by judgment, by settlement, or by other means (including any appeal that may result from the matter), and at the option of the producer of such material, the parties agree to: (1) return all medical records and confidential materials, including copies thereof to the producer; or (b) destroy all such materials and copies thereof, after which the party will certify to all other parties in writing that all confidential documents have been destroyed. If any party ceases involvement in this action, by settlement or otherwise, such party shall comply with the terms of this paragraph within a reasonable time.

10. This Order shall govern all pre-trial proceedings but shall be subject to modification either before, during, or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown.

11. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court.

12. This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure or by any statute or other authority.

SO ORDERED this 19th day of March, 2013.

*Kristine G. Baker*
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE